IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCAS OBI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 3:22-cv-236 |
| ) | Judge Stephanie L. Haines |
| MICHAEL UNDERWOOD, WARDEN, ) | Magistrate Judge Keith A. Pesto |
| FCI LORETTO, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM ORDER

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Lucas Obi ("Obi") (ECF No. 4). Obi is incarcerated at the Federal Correctional Institution at Loretto ("FCI-Loretto) and challenges the execution of his sentence under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution. (*Id.*). Specifically, he asserts that his sentence should be curtailed on the basis of earned time credits ("ETC") he should have received pursuant to the First Step Act. ("FSA").

The Government filed a Notice of Suggestion of Mootness, which was mailed to Obi the same day. (ECF No. 9). The Government attached to its Notice a Declaration by Christina Clark, an attorney for the Federal Bureau of Prisons, and two exhibits showing that Obi's projected release date changed from August 3, 2026, to August 3, 2025, due to 365 days of credit applied toward his early transfer to supervised release in accordance with the FSA. (ECF No. 9-1 at 3).

This matter was referred to Magistrate Judge Pesto for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Despite the Government's Notice, Judge Pesto filed a Report and Recommendation (ECF No. 10), which recommended that Obi's petition be denied without prejudice for failure to exhaust administrative remedies, not for

mootness. Judge Pesto states that Obi's Petition is not technically moot as he requests immediate release. (*Id.*). Obi was advised of the fourteen-day time period to object to the Report and Recommendation. (ECF No. 10 at 3 (showing a copy of the Report and Recommendation was mailed to Obi)); *see* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Obi did not file any objections.

Upon review of the record and the Report and Recommendation under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept the findings and recommendations of the Magistrate Judge.

Article III of the United States Constitution states that "federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citation omitted); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . [and for jurisdiction to exist] [t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78)).

Obi seeks the immediate application of his ETCs, which he believes entitle him to release from incarceration. (ECF No. 4 at 10 (requesting the following relief: "order the BOP/FCI Loretto to immediately credit and apply alll [sic] my ETCs, releasing me from the incarceration portion of the USDC's judgment sentence to HC/RRC[.]"). Obi contends that his ETCs entitle him to the release date of May 7, 2023, and that his continuing incarceration beyond that date is unlawful.[1]

---

[1] Obi includes in his calculations the application of credits that he asserts were earned through attendance at BOP programming and should be applied to ETC. It is possible that the BOP programming to which Obi refers may not have been eligible for application to ETC.

(*Id.* at 4). He argues in his Petition that he has not received any ETCs, despite being FSA eligible for such credits. (*Id.* at 2).

The Government attests that Obi has received all of his ETCs, which changed his projected release date from August 3, 2026, to August 3, 2025. (ECF No. 9 at 1) (stating that all of Obi's ETCs were applied and he received 365 days of credit toward early transfer to supervised release term and 160 days' time credit toward pre-release custody). While Obi is still incarcerated at this time according to the Federal Bureau of Prisons website,[2] it is the Court's understanding that the Government applied his ETCs as stated in its notice.[3] As the Government has acknowledged, Obi is eligible for the ETC program and his ETCs currently established have been applied to his release date, therefore Obi no longer has a concrete, redressable injury as it pertains to eligibility. This Court therefore lacks an opportunity to provide him with any meaningful relief in this matter and his challenge is substantially moot.

Obi believes that he should have received credit for classes he attended while incarcerated and those credits were not applied. (ECF Nos. 4 at 2; 4-3). It seems he did not receive ETC because the BOP does not award ETCs for such classes. Judge Pesto rightly found that a dispute about applicability of credits for the ETC program is wholly different than eligibility for the ETC Program. ECF No. 10 at 2-3. This dispute must first be exhausted administratively before the any decision of the BOP can be brought before the Court. The Court agrees with Judge Pesto's determination and will dismiss without prejudice Obi's Petition as it pertains to the applicability of attendance at certain BOP programming to the ETC program. Obi failed to exhaust this claim.

The Court rejects Obi's argument that exhaustion is "an exercise in futility" and should be

---

[2] *See* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Dec. 15, 2025).

[3] Obi's Petition and subsequent filings do not inform the Court as to why he is continued to be incarcerated past his projected release date of August 3, 2025.

3

excused in this instance because this issue is related to statutory construction. (ECF No. 4 at 3). Courts have repeatedly held that disputes, such as this one, involving FSA ETCs are "unrelated to statutory construction" and thus "must first be properly exhausted through the BOP system." *Delgado v. Barraza*, No. 3:23-cv-881, 2023 WL 4553380, at *2 (M.D. Pa. July 14, 2023); *Bell v. Finley*, No. 1:21-cv-925, 2022 WL 1721045, at *3 (M.D. Pa. May 27, 2022) (same); *Folk v. Barlet*, No. 1:24-CV-101, 2025 WL 346787, at *2 (W.D. Pa. Jan. 30, 2025) (same).

An appropriate Order follows.

## ORDER

AND NOW, this 15th day of December 2025, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 4) hereby is DISMISSED as Moot as it pertains to Obi's claim of eligibility for the ETC program. The Government has provided notice that Obi has been granted earned time credit; and

IT IS FURTHER ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 4) hereby is dismissed WITHOUT PREJUDICE as it pertains to Obi's claim that he attended BOP programming that should be applied to his earned time credit. If he so chooses Obi must exhaust this claim administratively before bringing it before the Court; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 10) is adopted as the Opinion of the Court, as supplemented herein; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

**Notice by US Mail to:**

Lucas Obi, Reg. No. 18410-050
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630
Pro se